UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANCISCO VIDAL,<br><br>                Plaintiff<br><br>   v.<br><br>ROBERSON et al.,<br><br>                Defendants | Case No. 2:19-cv-02116-KJD-NJK<br><br>ORDER |

**I.    DISCUSSION**

According to the Nevada Department of Corrections ("NDOC") inmate database, Plaintiff is no longer incarcerated. However, Plaintiff has not filed an updated address with this Court. The Court notes that pursuant to Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Nev. Loc. R. IA 3-1. This Court grants Plaintiff thirty (30) days from the date of entry of this order to file his updated address with this Court. If Plaintiff does not update the Court with his current address within thirty (30) days from the date of entry of this order, the Court will dismiss this action without prejudice.

Additionally, the Court denies the applications to proceed *in forma pauperis* for prisoners (ECF Nos. 8, 9) as moot because Plaintiff is no longer incarcerated. The Court now directs Plaintiff to file an application to proceed *in forma pauperis* by a non-prisoner within thirty (30) days from the date of this order or pay the full filing fee of $400.

The Court also denies Plaintiff's "emergency motion" (ECF No. 2) as moot because Plaintiff is no longer incarcerated. *Cf. Johnson v. Moore*, 948 F.2d 517, 519-22 (9th Cir. 1991) (holding that claims for injunctive relief related to a prison's policies are moot where

a prisoner has been transferred to another facility and shows no reasonable expectation of return).  The Court notes that, even if Plaintiff were still incarcerated, the Court would have denied the emergency motion on its merits because a false notice of charges does not demonstrate irreparable harm in the absence of preliminary relief.  *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 20 (2008)) (holding that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest").

## II.    CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff will file his updated address with the Court within **thirty (30) days** from the date of this order.

It is further ordered that Plaintiff's applications to proceed *in forma pauperis* for prisoners (ECF Nos. 8, 9) are denied as moot.

It is further ordered that the Clerk of the Court will send Plaintiff the approved form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

It is further ordered that within **thirty (30) days** from the date of this order, Plaintiff will either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $400.

It is further ordered that, if Plaintiff fails to timely comply with this order, the Court will dismiss this case without prejudice.

It is further ordered that the "emergency motion" (ECF No. 2) is denied as moot.

DATED THIS  13  day of May 2020.

_____
UNITED STATES DISTRICT JUDGE